OPINION
{¶ 1} Appellant Frank James appeals from a grant of permanent custody by the Fairfield County Court of Common Pleas, Juvenile Division, in favor of Appellee Fairfield County Department of Jobs and Family Services ("FCDJFS").
 STATEMENT OF FACTS AND CASE {¶ 2} Appellant is a resident of the State of Georgia. The subject child in this matter is Kaylee Gibby, born January 27, 1999. Kaylee's mother, Miranda Gibby, has a history of drug and alcohol abuse.
 {¶ 3} On April 10, 2002, FCDJFS filed a complaint alleging Kaylee was a neglected child. Following a shelter care hearing on May 30, 2002, the trial court found Kaylee was a dependant child. Kaylee was placed in the temporary custody of FCDJFS.
 {¶ 4} On August 20, 2002, the trial court held a review hearing on Kaylee's case. Appellant received notice of this hearing by personal service on May 30, 2002, but did not attend. Due to illness his attorney was unable to attend the review hearing.
 {¶ 5} On August 21, 2002, appellant, through his attorney, filed a motion requesting that he be named residential parent and legal custodian of Kaylee Gibby.
 {¶ 6} On September 19, 2002, the trial court held a review hearing and a hearing on appellant's motion to change custody. The appellant received notice of this hearing by certified mail on September 10, 2002, but did not attend the hearing. At the conclusion of this hearing, the trial court continued the hearing on appellant's motion to change custody "until the investigation is completed in the State of Georgia concerning Frank James." (Judgment Entry, October 1, 2002).
 {¶ 7} On November 21, 2002, the trial court again reviewed Kaylee's case. Appellant received notice of this review hearing by certified mail on October 24, 2002, but did not attend this hearing.
 {¶ 8} On December 10, 2002, the trial court resumed the hearing on appellant's motion to change custody. It does not appear in the record that appellant was served with notice of this hearing date. At the hearing, appellant's counsel made an oral motion to withdraw appellant's motion to change custody. The trial court granted the motion to withdraw appellant's August 21, 2002, motion to change custody. A transcript of this hearing has not been proved in the record on appeal.
 {¶ 9} Appellant received notice of the January 30, 2003 review hearing by certified mail on December 23, 2002. Appellant did not attend this hearing.
 {¶ 10} Although the record indicates a court ordered a review hearing was scheduled for February 25, 2003, the record contains neither a Judgment Entry, nor proof that a notice of this hearing was served upon appellant.
 {¶ 11} The trial court held an annual review hearing on April 10, 2003. Appellant received notice of this hearing by certified mail on March 28, 2003, but did not attend the hearing.
 {¶ 12} The Court held a review hearing on Kaylee's case on May 13, 2003. Appellant did not receive advance notice of this hearing. The Memorandum Entry filed by the trial court on May 13, 2003 notes that appellant "is still interested in Kaylee but he's in GA."
 {¶ 13} On May 13, 2003, FCDJFS filed a motion to amend the temporary custody of Kaylee Gibby to an order of permanent custody. A trial on the motion for permanent custody was scheduled for August 5, 2003. Appellant received notice of the trial date by certified mail on July 21, 2003.
 {¶ 14} On August 5, 2003, FCDJFS informed the trial court that the child's mother did not receive notice of the trial date. (Judgment Entry, Aug. 26, 2003). The trial was continued to September 9, 2003.
 {¶ 15} Appellant was served with notice of the September 9, 2003 trial date by certified mail on August 29, 2003, but he did not attend the trial. Kaylee's mother was served by publication on August 29, 2003, but she did not attend the trial.
 {¶ 16} Prior to the start of trial. Appellant's trial counsel made an oral motion to continue the trial to allow appellant to be present and further to allow the investigation of appellant to be completed. (T. at 6). The State of Georgia refused to cooperate with FCDJFS due to the fact that appellant had a criminal history. (T. at 14; 19). The court overruled the motion. Upon the denial of the motion by the trial court, appellant's trial counsel orally moved to withdraw from the case, stating that he has not had any contact with appellant since April. (Id. at 7-8). The court granted counsel's motion to withdraw from the case. (T. at 8).
 {¶ 17} The sole witness to testify at trial was the FCJFS caseworker. Relative to appellant she testified that his only contacts with Kaylee occurred in October, 2001 and May, 2002. (T. at 13). The caseworker further testified that appellant wants "to be connected with services. He has asked to be connected with services and we have sent another request to connect him with services; however, he has not made any attempts to show he's . . . completed anything on the case plan." (T. at 14).
 {¶ 18} The Guardian Ad Litem reported to the trial court that the State of Georgia refused to investigate appellant's mother for possible placement of the child because it was believed that appellant was living with her. (T. at 19). Accordingly, no information concerning the suitability of the child's grandmother as a placement alternative was available. (Id. at 19-20).
 {¶ 19} On November 7, 2003, the trial court filed a Judgment Entry terminating appellant's parental rights and granting permanent custody of Kaylee to FCDJFS.
 {¶ 20} Appellant filed a notice of appeal on December 10, 2003, and raises the following two assignments of error:
 {¶ 21} "The trial court erred in not granting the appellant's motion for continuance to allow for a home study for potential placement of the minor child with the appellant.
 {¶ 22} "The trial court erred in holding a hearing on the motion for permanent custody in violation of the time requirements of rule 6(d) of the ohio rules of civil procedure."
 I {¶ 23} In his first assignment of error appellant maintains that the trial court erred when it failed to continue the September 9, 2003 trial on the motion for permanent custody. We disagree.
 {¶ 24} Ordinarily a reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. Ungar v. Sarafite (1964), 376 U.S. 575, 589, 84 So. Ct. 841. If, however, the denial of a continuance is directly linked to the deprivation of a specific constitutional right, some courts analyze the denial in terms of whether there has been a denial of due process. Bennett v. Scoggy (6th Cir. 1986),793 F.2d 771.
 {¶ 25} A parent has a fundamental liberty interest in the care, custody, and management of his children. Santosky v.Kramer (1982) 455 U.S. 745, 102 S.Ct. 1388. Due process requires that proceedings resulting in the loss of permanent custody of children must be fundamentally fair. Lassiter v.Dept. of Social Serv. of Durham Cty., North Carolina (1981),452 U.S. 18, 101 S.Ct. 2153.
 {¶ 26} The decision to grant or deny a motion to continue a hearing or a trial is entrusted to the broad discretion of the trial court. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9,615 N.E.2d 617.
 {¶ 27} Absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,614 N.E.2d 748. An abuse of discretion connotes more than a mere error in law or judgment; it implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court.Blakemore v. Blakemore (1983, 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAAEnterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
 {¶ 28} In evaluating whether the trial court has abused its discretion in denying a continuance, appellate courts apply a balancing test which takes into account a variety of competing considerations:
 {¶ 29} (1) the length of the requested delay, (2) whether other continuances had been requested and granted, (3) the convenience or inconvenience to the parties, witnesses, counsel and court, (4) whether the delay was for legitimate reasons or whether it was "dilatory, purposeful or contrived", (5) whether the defendant contributed to the circumstances giving rise to the request, (6) whether denying the continuance will result in an identifiable prejudice to the defendant's case, and (7) the complexity of the case. Powell v. Collins (6th Cir. 2003),332 F.3d 376, 396; State v. Unger (1981), 67 Ohio St.2d 65,67-68, 423 N.E.2d 1078, 1080.
 {¶ 30} A party has a right to a reasonable opportunity to be present at trial and a right to a continuance for that purpose.Hartt, 67 Ohio St.3d at 9, 615 N.E.2d 617. A party does not however, have a right to delay trial for no reason. State exrel. Buck v. McCabe (1942), 140 Ohio St. 535, 24 O.O. 552,45 N.E.2d 763. paragraph two of the syllabus. A continuance based on a party's absence must be based on unavoidable, not voluntary, absence. Id.
 {¶ 31} Appellant's counsel requested the continuance at the start of the final hearing. Appellant's counsel could not explain to the trial court why appellant was absent. Generally, a trial court does not abuse its discretion in denying a motion for a continuance when a party fails to appear at trial without explanation and when there is no indication that the party would attend a later trial if the continuance was granted. Heard v.Sharp (1988), 50 Oiho App.3d 34, 552 N.E.2d 665, syllabus. Without any explanation about appellant's absence, the trial court was justified in assuming that his absence was voluntary.In Re: Kutcher, 7th Dist. No. 02 BE 058, 2003-Ohio-1235 at para. 28.
 {¶ 32} In the case at bar, Appellant never attended the scheduled review hearings. Appellant was on notice as early as July 21, 2003 that a trial on the motion for permanent custody was imminent. At no time after having been served with notice of the trial did appellant contact his attorney, resulting in his attorney's withdrawal from the case. (T. at 7-8). Appellant had ample time prior to the morning scheduled for trial to contact his attorney or the court to request a continuance detailing his reasons and grounds. Appellant has had no contact with the minor child since May, 2002. Appellant's prior contact was in October 2001. Appellant's mother never filed a request for placement or custody.
 {¶ 33} The totality of the circumstances weighs heavily in fvor of finding that the trial court was within its discretion to deny the motion for a continuance. Kutcher, supra at para. 31. Although there may be situations where the refusal to grant a continuance of a permanent custody hearing conflicts with basic due process, this is not one of those cases. We overrule Appellant's assignment of error number one.
 II {¶ 34} In his second assignment of error appellant maintains that the trial court's September 9, 2003 hearing violated the time limits of Civ. R. 6(D). We disagree.
 {¶ 35} At the outset we would not that the correct rule in the case at bar is Juv. R. 18(A), which states:
 {¶ 36} "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day that is not a Saturday, a Sunday or a legal holiday. Such extension of time includes, but is not limited to, probable cause, shelter care, and detention hearings.
 {¶ 37} "Except in the case of probable cause, shelter care, and detention hearings when the period of time prescribed or allowed is less than seven days, intermediate Sturdays, Sundays, and legal holidays shall be excluded in computation."
 {¶ 38} Appellant received notice of the September 9, 2003 trial on the motion for permanent custody by certified mail on August 29, 2003. (T. at 1). The appellant received notice eleven (11) days before trial.
 {¶ 39} Juv. R. 18(D) concerning the time for motions, states:
 {¶ 40} "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than seven days before the time specified for the hearing unless a different period is fixed by rule or order of the court. For cause shown such an order may be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion, and opposing affidavits may be served not less than one day before the hearing unless the court permits them to be served at a later time."
 {¶ 41} Accordingly, the intermediate Saturdays, Sundays and legal holidays would not be excluded in appellant's case because Juv. R. 18(D) imposes a seven (7) day advance notice provision.
 {¶ 42} In addition, trial in this matter was originally scheduled for August 5, 2003. Appellant was aware that a trial was imminent on the motion for permanent custody when he received notice by certified mail on July 21, 2003. At no time did appellant contact his attorney citing inability to attend due to time or financial constraints. (T. at 7-8). Appellant did not appear in court on August 5, 2003. Accordingly, appellant was aware as early as July 21, 2003 that a trial would take place on the motion for permanent custody. Appellant had ample time prior to the day of trial to properly move the court for a continuance of the trial date in accordance with Juv. R. 19.
 {¶ 43} Appellant's second assignment of error is overruled.
 {¶ 44} For the foregoing reasons, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur