OPINION
{¶ 1} Jeanette Rayner appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights in her children Kelsey, who was ten years old at the time of the hearing, Marshall, age nine, and Amber, age 7. The trial court awarded permanent custody to the Stark County Department of Job and Family Services. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S REQUEST FOR A CONTINUANCE.
 {¶ 3} "II. THE TRIAL COURT'S FAILURE TO RULE ON APPELLANT'S REQUEST FOR A PLANNED PERMANENT LIVING ARRANGEMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} The trial court made extensive findings of fact and conclusions of law. On May 23, 2003, JFS re-filed a previously filed complaint alleging the children were dependent and seeking temporary custody. On June 18, 2003, appellant stipulated to a finding of dependency.
 {¶ 5} On January 25, 2005, JFS filed its motion for permanent custody. The court called the case for hearing on March 29, 2005, but was informed maternal relatives had come forward and expressed an interest in placement. The court continued the permanent custody trial until June 8, 2005 to allow time for JFS to explore the possibility of relative placement.
 {¶ 6} On June 8, 2005, the court called the case. According to the transcript of proceedings, appellant's counsel informed the court her client had not appeared. Counsel assured the court appellant was aware of the hearing date. Counsel had tried without success to get in touch with appellant and was surprised she was not present. Counsel moved for a continuance, informing the court she was unable to go forward with the case without appellant's presence. The guardian ad litem had submitted a written report but was not present. The court overruled the motion for continuance, and heard all the evidence with the exception of the guardian ad litem's testimony. The court continued the matter to June 14 so counsel could cross-examine the guardian ad litem.
 {¶ 7} The trial court found R.C. 2151.414 permits the granting of permanent custody to an agency if the court determines by clear and convincing evidence it is in the best interest of the child, and also finds any one of four factors applies. The factors are: 1. The child has been in the temporary custody of one or more public children services agencies for 12 more months in a consecutive 22 months period; 2. the child is orphaned and there are no relatives of the child who are able to take permanent custody; 3. the child is abandoned; or 4. none of the other factors apply and the child cannot be placed with either of its parents within a reasonable time or should not be placed with them. The trial court found in this case, the appellant has abandoned the children and the children have been in the temporary custody for 12 or more months of a consecutive 22 month period.
 {¶ 8} The trial court listed the factors to consider in finding the child cannot or should not be placed with either parent: (1) Notwithstanding reasonable case planning and diligent efforts by the agency, the parent has failed to remedy the conditions that caused the child to be removed from the home; (2) severe and chronic mental illness, retardation, disability or chemical dependency renders the parent incapable of providing a home within one year of the court date; (3) the parent failed to regularly support, visit or communicate when able, or has demonstrated unwillingness to provide an adequate permanent home; (4) the parent has abandoned the child by failing to visit or maintain contact with the child for more than 90 days; (5) repeated incarceration prevents the parent from providing care; and (6) the parent is unwilling to provide basic necessities or to prevent abuse or neglect.
 {¶ 9} The court found factor numbers one, two, three, and four were present here, and made findings of fact in support of its determination. The court found mother is bi-polar with schizoid tendencies. When she is on medication and in counseling she is stable, but she often stops both counseling and medications. The court found appellant's mental health issues caused problems with her housing and employment.
 {¶ 10} The court found certain maternal relatives had indicated a desire for placement of the children. Visits between the children and relatives were begun at the relatives' home. The children reported appellant and an uncle were smoking marijuana during their visit, and the appellant and an aunt got into a fight. The relatives failed to attend a meeting with JFS to discuss what had occurred, and the subsequent visits between the relatives and the children were cancelled at the relatives' request.
 {¶ 11} The court found appellant had not substantially complied with the case plan.
 {¶ 12} The trial court found the statute sets forth relevant factors for the court to consider in determining the best interest of the children, and found one of the factors applied. The court found the children need a legally secure permanent placement and appellant cannot provide permanency. The court made various findings of fact in support of this conclusion.
 {¶ 13} All three children have ADHD, and the youngest has fetal alcohol syndrome. The girls are average students in school, and the boy does well academically but has behavior problems. All three children are in counseling and the counselors recommend a stable long-term loving environment. The two girls are placed together, and their brother is in another foster home. This particular foster home is his third, but he has remained in the present home for one year. Because his behavior is improving over time, his case worker does not believe he is unadoptable. Neither of the foster families wants to adopt the children.
 {¶ 14} The court found the bond between the children and appellant is strong, and she has been appropriate at all visits. The court found the children's behavior has dramatically improved since they were placed in foster homes. The court found the need for near-term stability is critical, especially for Marshall. The court found appellant cannot provide permanency for the children and although severing the parent-child bond would be harmful, the benefit of permanency outweighs any damage severing the bond produces.
 {¶ 15} The trial court concluded extending temporary custody in order for the parents to work on their case plan is not in the children's best interest. The court found the parents could not remedy their initial problems any time in the foreseeable future, and the children are adoptable.
 I. {¶ 16} In her first assignment of error, appellant argues the court abused its discretion when it overruled counsel's motion for continuance of the final hearing because appellant was not present.
 {¶ 17} Appellant asserts she has a right to a reasonable opportunity to be present at trial and a right to a continuance for this purpose, Hartt v. Munobe (1993), 67 Ohio St. 3d 3. Appellant concedes a party may not delay a trial without good reason, and the party's absence must be unavoidable, not voluntary, State ex rel. Buck v. McCabe (1942),140 Ohio St. 535.
 {¶ 18} Appellant cites us to Lassiter v. Department ofSocial Services of Durham County, (1981), 452 U.S. 18, as authority for the proposition due process requires all proceedings resulting in loss of permanent custody of the children must be fundamentally fair. Appellant urges it is not fundamentally fair for the trial court to deny a continuance because she was absent when she had appeared at all the prior hearings. Further, the court did continue a portion of the hearing so the guardian ad litem could attend, and thus, no additional prejudice or delay would have arisen had the trial court continued the entire hearing. Finally, appellant points out she was unable to testify on her behalf.
 {¶ 19} A trial court has broad discretion to grant or deny a motion for continuance, Hartt, supra. This court may not substitute its judgment for that of the trial court unless we find the court abused its discretion. The Supreme Court has frequently defined the term abuse of discretion as implying the trial court's attitude is arbitrary, unreasonable, or unconscionable, see, e.g., Blakemore v. Blakemore (1983),5 Ohio St. 3d 217.
 {¶ 20} The record contains no indication why appellant did not attend the June 8 hearing. In the absence of evidence appellant was unavoidably absent, this court cannot find the trial court abused its discretion in overruling the motion to continue.
 {¶ 21} The first assignment of error is overruled.
 II. {¶ 22} Appellant requested the court place the minor children in a planned permanent living arrangement. The court did not specifically rule on this request, but the grant of permanent custody effectively overrules the motion.
 {¶ 23} R.C. 2151.353 provides the court may place a child in a planned permanent living arrangement if the court finds by clear and convincing evidence it would be in the child's best interest and one of the other factors is present: 1. because of physical, mental, or psychological problems or needs the child is unable to function in a family-like setting, and must remain in residential or institutional care; 2. the parents of the child have significant physical, mental or psychological problems and are unable to care for the child, but adoption is not in the best interest of the child, or the child retains a significant positive relationship with the parent or relative; or 3. the child is 16 years old or older, and has been counseled on the options available to the child, and is unwilling to accept or unable to adapt to a permanent placement.
 {¶ 24} Here, appellant suffers from a significant physical, mental, or psychological problem which interferes with her ability to parent these children. The court found the children do retain a significant positive bond with appellant but nevertheless adoption is in the best interest of the children. The court received evidence from the children's case worker and from the guardian ad litem that not only is adoption possible, but the need for stability is critical.
 {¶ 25} This court may not reverse a trial court's decision to terminate parental rights as being against the manifest weight of the evidence if the record contains sufficient, competent and credible evidence from which the court could find the essential statutory elements have been established by clear and convincing evidence, C.E. Morris Company v. Foley Construction Company
(1978), 54 Ohio St. 2d 279; In Re: Forest (1995),102 Ohio App. 3d 338. Clear and convincing evidence is the amount of evidence necessary to instill in the trier fact a firm belief or conviction, Cross v. Ledford (1954), 161 Ohio St. 469.
 {¶ 26} We find the record contains sufficient competent and credible evidence to support the trial court's finding adoption is in the best interest of the children.
 {¶ 27} The second assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.