OPINION *Page 2 
{¶ 1} Appellant Charlton Fortson, a minor child, appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of him to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is the son of Threase Walton and Charles Fortson. On March 26, 2004, SCDJFS filed a complaint alleging several of Threase Walton's children, including appellant, were neglected, and/or dependent. Appellant and his siblings Ahkeem, James, and Joshua were subsequently found to be dependent via a judgment entry filed April 21, 2004. Following a dispositional hearing, the trial court granted protective supervision to SCDJFS. However, following a post-dispositional emergency shelter care hearing on July 28, 2004, appellant and several of his siblings were ordered into the temporary custody of SCDJFS.
 {¶ 3} Via a court order on March 13, 2006, appellant was placed by SCDJFS in a planned permanent living arrangement ("PPLA").
 {¶ 4} On April 2, 2007, SCDJFS filed a motion for permanent custody of Appellant Charlton, who had been in SCDJFS temporary custody since 2004, as well as Ahkeem, James, and Joshua. An evidentiary hearing for permanent custody was conducted on May 24, 2007. Appellant appeared with his appointed legal counsel at said hearing. Threase Walton also appeared, although she was at that time being detained by the Stark County Sheriffs Department on charges of cocaine possession and trafficking. *Page 3 
 {¶ 5} On June 12, 2007, the trial court issued a judgment entry, with findings of fact and conclusions of law, granting permanent custody of appellant to SCDJFS.
 {¶ 6} Appellant filed a notice of appeal on July 12, 2007. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 8} In his sole Assignment of Error, appellant argues the trial court's finding that it was in his best interest to grant permanent custody to the agency was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 9} R.C. 2151.414(B)(1) reads as follows: "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 10} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents. *Page 4 
 {¶ 11} "(b) The child is abandoned.
 {¶ 12} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999. * * *."
 {¶ 14} Appellant herein does not challenge the trial court's findings that he had been abandoned by his parents (R.C. 2151.414(B)(1)(b)) and that he fell under the "twelve of twenty-two" rule (R.C.2151.414(B)(1)(d)). See Findings of Fact and Conclusions of Law at 8. We are thus compelled to proceed to an analysis of the "best interest" issue.
 {¶ 15} In determining the best interest of a child for purposes of a permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 16} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 17} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; *Page 5 
 {¶ 18} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 19} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 20} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 21} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. CE. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. It is well-established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., In re Brown, Summit App. No. 21004, 2002-Ohio-3405, ¶ 9, citing State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 22} SCDJFS caseworker Karen Cirone testified that appellant, age twelve, had been placed in an African-American foster home, where he has good rapport and *Page 6 
bond with the foster mother and another child in that home. Tr. at 22. See R.C. 2151.414(D)(1), supra. While in this foster placement, he has made progress in his counseling for behavioral issues. Tr. at 24. At school, he has done well and has participated in sports and chess club. Tr. at 15, 24. Appellant has maintained a bond with his biological mother, Threase Walton, which was distinguishable from the level of bond between his siblings and Threase. Tr. at 26. Appellant has also expressed to Cirone and the guardian ad litem[1] a desire to remain in his current placement and not be adopted by another family. Tr. at 22; GAL Report at 2. See R.C. 2151.414(D)(2).
 {¶ 23} Nonetheless, the Ohio Supreme Court has aptly recognized that "[a] planned permanent living arrangement places a child in limbo, which can delay placement in a permanent home." In re A.B.,110 Ohio St.3d 230, 237, 2006-Ohio-4359. The Supreme Court therein also noted that children who stay in a foster care arrangement until majority, i.e., "age out" of the system, " * * * lack the emotional support system and the financial stability of a permanent custody or adoptive relationship." Id.
 {¶ 24} In the case sub judice, the trial court conducted an in camera interview with appellant and engaged in a thorough analysis, both factually and legally, of appellant's situation, and obviously was aware that the main goal of such proceedings is to achieve permanency for the child in his best interest. See, e.g., In re Shammo, Stark App. No. 2002CA00066, 2002-Ohio-2865, ¶ 19. The court set forth, and appellant's brief does not dispute, that appellant had also previously expressed a desire to be adopted by an earlier foster family and a former school counselor. Findings of Fact and Conclusions of Law at 11-13. Indeed, Ms. Cirone testified that her decision to *Page 7 
request permanent custody was based upon appellant deserving to avoid languishing in foster care without a permanent family, and she emphasized that the agency's adoption procedures involved a matching process in which the situation would have to be right for appellant and the potential adopting family. Tr. at 25, 31. She opined that appellant is both adoptable and adaptable. Tr. at 17. In its findings, the court furthermore reviewed appellant's PPLA status and determined that PPLA was not in his current best interest. The court engaged in a detailed analysis of PPLA guidelines, and went so far as to emphasize that if appellant were presently being proposed for PPLA, he would not meet the prerequisites. Findings of Fact and Conclusions of Law at 11-13.
 {¶ 25} Upon review of the record in the case sub judice, we conclude the trial court's grant of permanent custody of appellant to SCDJFS was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.
 {¶ 26} Appellant's sole Assignment of Error is overruled.
 {¶ 27} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed. Costs assessed to appellant.
[1] The guardian ad litem in this case was in favor of maintaining PPLA. *Page 1