OPINION
{¶ 1} Appellant Joseph McGraw appeals the judgment of the Fairfield County Court of Common Pleas, Juvenile Division, granting permanent custody of his daughter, Sarah Carey, to Appellee Fairfield County Child Protective Services ("FCCPS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Sarah Carey, born in 1995, is the daughter of Chasity Carey and Appellant McGraw. In early 2006, Sarah and her half-sister, Abbagail, were under a court order of protective supervision in Pickaway County, Ohio, which case had commenced in 2000. On January 30, 2006, the case was transferred from Pickaway County to Fairfield County. Jurisdiction was accepted and an order of protective supervision was issued by the Fairfield County Court of Common Pleas, Juvenile Division (hereinafter "trial court"), following a hearing. The initial concerns centered on Chasity Carey's lack of stability and substance abuse issues.
 {¶ 3} On July 25, 2006, the trial court issued an order maintaining protective supervision to FCCPS. On November 28, 2006, upon agency motion, the court granted temporary custody of Sarah to FCCPS. On January 17, 2008 FCCPS filed a motion for permanent custody. The matter proceeded to an evidentiary hearing on April 8, 2008. Appellant, who was incarcerated, was served by certified mail at the Pickaway Correctional Institution, but did not in any way respond or ask for counsel. Chasity Carey appeared with counsel and informed the trial court that she did not contest a grant of permanent custody to the agency.
 {¶ 4} On June 3, 2008, the trial court issued a judgment entry ordering permanent custody of Sarah to FCCPS. *Page 3 
 {¶ 5} On July 2, 2008, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE DECISION OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF SARAH CAREY TO FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE CHILD'S BEST INTEREST."
 I. {¶ 7} In his sole Assignment of Error, appellant argues the trial court erred in concluding that permanent custody to the agency would be in Sarah's best interest. We disagree.
 {¶ 8} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, 281,376 N.E.2d 578.
 {¶ 9} We note appellant's assigned error focuses on the "best interest" issue. Furthermore, appellant herein does not challenge the trial court's finding that appellant had abandoned Sarah under R.C. 2151.414(E)(10). We are thus compelled to directly *Page 4 
proceed to an analysis of the best interest issue. Cf., e.g., In reWalton/Fortson Children, Stark App. No. 2007CA00200, 2007-Ohio-5819, ¶ 14.
 {¶ 10} We have frequently noted "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In reMauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In reAwkal (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. Furthermore, it is well-established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., In re Brown, Summit App. No. 21004, 2002-Ohio-3405, ¶ 9, citing State v. DeHass (1967), 10 Ohio St .2d 230, 227 N.E.2d 212.
 {¶ 11} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 12} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 13} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 14} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; *Page 5 
 {¶ 15} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 16} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 17} Appellant herein particularly challenges the grant of permanent custody based on what he asserts to be "twenty minutes of testimony." Appellant's Brief at 7. However, the record first reveals that Sarah's mother, Chasity, entered into a five-page stipulation of facts pertaining to her end of the case, thus relieving the trial court of hearing such evidence via direct testimony. The record secondly indicates that appellant, albeit incarcerated, was duly served with notice of at least three hearings in this matter, including the permanent custody evidentiary, but he chose to make no response thereto or to attempt to contact the trial court to request counsel.
 {¶ 18} We find the trial court engaged in a thorough analysis of the permanent custody issues, and obviously was aware that the main goal of such proceedings is to achieve permanency for the child in her best interest. See, e.g., In re Shammo, Stark App. No. 2002CA00066, 2002-Ohio-2865, ¶ 19. The court heard testimony by Karla Nelson, a FCCPS director, indicating that Sarah was receiving much-needed services and counseling, and had recently been removed from relative placement at the relative's request. Tr. at 12, 14. Nelson opined, with no objection or contravening testimony, that she believed neither Sarah nor her sister, Abby, could achieve a secure permanent placement with any of the parents. Tr. at 15-16. Nelson noted that FCCPS had been working on the case since early 2006. Tr. at 11. Nelson stated that it would *Page 6 
be in Sarah's best interest to have permanent custody granted to the agency. Tr. at 16. The guardian ad litem concurred. Tr. at 5-6. The children's' attorney, Ray Hofmeister, told the court that Sarah had no desire to return to either parent. Tr. at 6. Finally, as noted earlier, the court found Sarah had been abandoned by appellant. See R.C. 2151.414(D)(5), supra, referencing R.C. 2151.414(E)(10).
 {¶ 19} Upon review of the record in the case sub judice, we conclude the trial court's grant of permanent custody of Sarah to FCCPS was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.
 {¶ 20} Appellant's sole Assignment of Error is overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1