[Cite as *In re C.W.*, 2014-Ohio-3284.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| C. W. | Case No. 2013 CA 0027 |
| AN ADJUDICATED<br>DEPENDENT CHILD | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 21330008 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 24, 2014 |

APPEARANCES:

For Appellant

JEFFERY A. MULLEN
239 North Fourth Street
Coshocton, Ohio  43812

For Guardian Ad Litem

JEANETTE MOLL
803 Market Street
Zanesville, Ohio  43701

For Appellee JFS

BENJAMIN HALL
ASSISTANT PROSECUTOR
318 Chestnut Street
Coshocton, Ohio  43812

*Wise, J.*

**{¶1}.** Appellant Timothy Wagner appeals the decision of the Coshocton County Court of Common Pleas, Juvenile Division, which granted permanent custody of his son, C.W., born in 2001, to Appellee Coshocton County Department of Job and Family Services ("CCJFS"). The relevant facts leading to this appeal are as follows.

**{¶2}.** The present action has its origins in a case from Muskingum County involving C.W. and his half-sibling, I.O., and another child in the home, C.C. Appellant is the father of C.W. and I.O.

**{¶3}.** On July 31, 2009, Muskingum County Children's Services filed a complaint in the Muskingum County Juvenile Court, alleging that C.W. and I.O. were neglected and dependent. The complaint further alleged that C.C., another child living in the home, was neglected and dependent. The children resided at the time with appellant and Melinda Overly, the biological mother of C.C. and I.O. The allegations in the Muskingum County case were that Appellant and Melinda had brought C.C. to the emergency room twice in late July 2009, at which time testing revealed the presence of the opiate drug benzodiazepine in his system.

**{¶4}.** Appellant and Melinda appeared to be under the influence at the hospital. Both tested positive for marijuana at that time. Appellant and Melinda were both arrested at the hospital and charged with child endangerment. C.W., I.O., and C.C. were ordered into agency custody and temporarily placed in foster care. Appellant subsequently pled guilty to disorderly conduct.

**{¶5}.** Due to the lack of complete adjudication and disposition within the ninety-day statutory time limitation, the complaint of July 31, 2009, was dismissed, and new

complaints were filed in Muskingum County on or about October 7, 2009. The matter proceeded to adjudication and disposition on December 21, 2009. The court found all three children to be dependent and neglected. The court placed the children in the temporary custody of Melinda's aunt, Beth Postel, with protective supervision to MCCS.

**{¶6}.** Appellant appealed the adjudication and disposition to this Court. On September 23, 2010, we affirmed the decision of the Muskingum County Juvenile Court, except that as to C.W. and I.O. the finding of neglect, but not dependency, was overturned. *See In re C.W.*, 5th Dist. Muskingum No. CT2010–0002, 2010-Ohio-4624.

**{¶7}.** On or about May 18, 2012, the Coshocton County Court of Common Pleas, Juvenile Division, accepted jurisdiction of the case.

**{¶8}.** On October 31, 2012, Coshocton County Job and Family Services ("CCJFS") filed a complaint alleging dependency regarding C.W.  The case was subsequently dismissed and re-filed as number 21330008. On March 8, 2013, the guardian ad litem filed a motion requesting permanent custody to CCJFS. The agency did not oppose the motion.

**{¶9}.** In the meantime, on April 24 and May 2, 2013, an evidentiary hearing was conducted on the complaint, following which C.W. was found to be dependent.

**{¶10}.** An evidentiary hearing on the permanent custody motion took place on August 21 and 28, 2013. Evidence was adduced, inter alia, that appellant has repeatedly engaged in hostile and agitated behaviors in dealing with the various case workers and professionals involved in C.W.'s case. In many instances, appellant would engage in angry outbursts and leave meetings before any progress could be made on the case plan. Appellant has admitted to needing treatment for his mental health issues,

and has been on daily medications of Abilify, Klonopin, Depakote, and Trazadone. However, appellant failed to sufficiently attend the sessions needed to complete his mental health assessment in early 2013, and during one period in 2010 he attended just six of fifteen scheduled visits with C.W., following which the visitations decreased further. Appellant also has had issues of marijuana and cocaine usage, and was unable to document employment or receipt of governmental assistance during the majority of the case. He further failed to complete parenting classes under the case plan.

**{¶11}.** Via judgment entry filed October 9, 2013, the trial court granted permanent custody of C.W. to CCJFS.

**{¶12}.** Appellant filed a notice of appeal on November 8, 2013. Although this Court at one point dismissed the appeal for want of prosecution, we reinstated same via an order dated March 26, 2014.

**{¶13}.** Appellant herein raises the following sole Assignment of Error:

**{¶14}.** "I. THE DECISION IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."

I.

**{¶15}.** In his sole Assignment of Error, appellant-father challenges the trial court's grant of permanent custody of C.W. to CCJFS.

**{¶16}.** As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App.No. CA–5758. Accordingly, judgments supported by some competent, credible evidence going to all

the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Furthermore, it is well-established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* Summit App.No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

{¶17}. R.C. 2151.414(B)(1), as written at the times pertinent to this case, states as follows:

{¶18}. "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

{¶19}. "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

**{¶20}.** "(b) The child is abandoned.

**{¶21}.** "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

**{¶22}.** "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state."

**{¶23}.** In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents *(see* R.C. 2151.414(B)(1)(a), *supra),* a trial court is to consider the existence of one or more factors under R.C. 2151.414(E).

**{¶24}.** In the case sub judice, the trial court relied on both R.C. 2151.414(B)(1)(a) and R.C. 2151.414(B)(1)(b) in its determination. *See* Judgment Entry, October 9, 2013, at 8, 9. We note a trial court's finding of abandonment under R.C. 2151.414(B)(1)(b) will satisfy the first prong of the permanent custody test, allowing the court to move on to the second prong of considering whether the grant of permanent custody to the agency is in the best interest of the child. *See In re Cravens,* 3rd Dist. Defiance No. 4–03–48, 2004–Ohio–2356, ¶ 25.

**{¶25}.** R.C. 2151.011(C) sets forth the following "presumptive abandonment" rule: "For the purposes of this chapter, a child shall be presumed abandoned when the

parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days." We have held that there must be a showing that a parent has failed to visit or maintain contact with the child for a period of ninety days before an agency moves for permanent custody on "presumed abandonment" grounds. *See In re Scullion,* Stark App. No. 2006CA00308, 2007–Ohio–929, ¶ 30.

{¶26}. In the case sub judice, appellant does not deny in his brief that he did not contact C.W. in any manner for periods of ninety days or more, other than to make vague allegations that CCDFS was at fault for the lack of contact. C.W.'s mother, Shawna McCloy, failed to appear for the permanent custody hearing, and apparently has had little involvement in the case plan. Accordingly, although the trial court in the case sub judice made the effort to render a decision under R.C. 2151.414(B)(1)(a) as well, we find no reversible error in the court's finding of abandonment under R.C. 2151.414(B)(1)(b), and the court's decision in regard to said grounds for permanent custody was not against the manifest weight of the evidence.

{¶27}. In the interest of judicial economy, we will thus proceed to the issue of best interest.

{¶28}. In determining the best interest of a child for purposes of permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D)(1). These factors are as follows:

{¶29}. "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;

{¶30}. "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶31}. "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;

{¶32}. "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶33}. "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶34}. It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children* (Nov. 13, 2000), Stark App.No. 2000CA00244, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424.

{¶35}. The trial court in the case sub judice reviewed the evidence and determined that C.W. is integrated and bonded with his foster family, and he has no significant relationship with anyone in his biological family. The court also had before it the testimony of Dr. Gary Wolfgang, who opined that a parent-child relationship between appellant and C.W., described as "a very frightened child," would be "fraught with difficulty," based on what was gleaned from the uncompleted assessments. Tr. at

108. Appellant has demonstrated a long-term tendency toward excessive dysfunctional anger, with little hope for improvement. The court further found that C.W. has expressed via the guardian ad litem that he wishes to stay with his foster family, having experienced seven placements in the prior four years. Again, the trial court referenced that the child had been abandoned by both parents. *See* R.C. 2151.414(D)(1)(e) and (E)(10).

{¶36}. Accordingly, upon review of the record and the findings and conclusions therein, we conclude the trial court's judgment granting permanent custody of C.W. to CCJFS  was made in the consideration of the child's best interest and did not constitute an error or an abuse of discretion under the circumstances presented.

{¶37}. Appellant's sole Assignment of Error is overruled.

{¶38}. For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Coshocton County, Ohio, is hereby affirmed.