[Cite as *In re K. K.*, 2018-Ohio-399.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

K. K.

MINOR CHILDREN

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2017 CA 00195

O P I N I O N

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Juvenile Division, Case No.  2015
                             JCV 00433

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 31, 2018

APPEARANCES:

For Appellee                 For Appellant Mother

BRANDON J. WALTENBAUGH       MARY G. WARLOP
STARK COUNTY JFS             116 Cleveland Avenue NW
402 2nd Street SE            Suite 500
Canton, Ohio  44702          Canton, Ohio  44702

*Wise, John, J.*

{¶1} Appellant Gaybriel F. appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of her daughter, K.K., to Appellee Stark County Job and Family Services. The relevant facts leading to this appeal are as follows.

{¶2} On May 7, 2015, Appellee Stark County Job and Family Services ("SCJFS" or "agency") filed a complaint alleging that K.K., born in 2008, was neglected and/or dependent. A companion case involving K.K.'s sister, born in 2009, was also initiated.[1] Initial concerns included the mental health of appellant-mother, her substance abuse, and housing issues.

{¶3} K.K. and her sister were initially placed under agency protective supervision. However, emergency shelter care was granted *ex parte* on June 5, 2015, one month after the complaint.

{¶4} An adjudication hearing took place on July 10, 2015. Both parents stipulated to a dependency finding at that time. Temporary custody of K.K. and her sister with SCJFS was also maintained.

{¶5} On October 16, 2015, the girls' maternal great uncle filed a motion for change of legal custody. However, he subsequently withdrew his request to intervene in the case.

{¶6} In the meantime, SCJFS filed a motion for permanent custody on October 5, 2016. However, the trial court denied same via a judgment entry issued on December 9, 2016.

---

[1] The case regarding the child's sister has been appealed under a separate number.

**{¶7}** Throughout much of the case, K.K and her sister were in placement with their paternal grandmother, even though she had not shown an interest in long-term custody. Tr. at 45. In April 2017, the agency attempted a third-party placement and correspondingly filed a motion for change of legal custody. However, said placement arrangement was not successful. Another foster placement was then arranged, which fared much better.

**{¶8}** On June 26, 2017, SCJFS filed a second motion requesting permanent custody.

**{¶9}** The matter proceeded to an evidentiary hearing held on September 11, 2017. Appellant appeared with counsel. K.K.'s father also appeared with counsel; however, he was found *inter alia* to have abandoned the child.

**{¶10}** Following these proceedings, via a judgment entry with findings of fact and conclusions of law issued September 13, 2017, the trial court granted permanent custody of K.K. to SCJFS. A *nunc pro tunc* judgment entry was issued on September 18, 2017. Permanent custody was also granted as to K.K.'s sister, under a separate case number.

**{¶11}** On October 13, 2017, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

**{¶12}** "I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT GROUNDS EXISTED FOR PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} "II. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO [THE] STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTERESTS OF THE MINOR CHILDREN TO GRANT PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶14} In her First Assignment of Error, appellant-mother contends the trial court erred in granting permanent custody of K.K. to the agency. We disagree.

{¶15} R.C. 2151.414(B)(1) reads as follows:

Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the

child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the

Revised Code or the date that is sixty days after the removal of the child from home.

**{¶16}** We initially note the trial court in the case *sub judice* relied on R.C. 2151.414(B)(1)(a), *supra,* as well as R.C. 2151.414(B)(1)(b) and R.C. 2151.414(B)(1)(d). The latter provision is sometimes termed the "twelve of twenty-two" rule. *See, e.g.*, *In re J.I.*, 12th Dist. Preble No. CA2005-05-008, 2005-Ohio-4920, ¶ 8. It is well-established that (B)(1)(a) and (B)(1)(d) are independently sufficient to use as a basis to grant an agency's motion for permanent custody. *See In re M.R.,* 3d Dist. Defiance No. 4–12–18, 2013–Ohio–1302, ¶ 80. Similarly, (B)(1)(b) (abandonment) is independently sufficient to use as a basis to grant a motion for permanent custody. *See In re N.W.*, 10th Dist. Franklin No. 07AP-590, 2008-Ohio-297, ¶ 10; *In re Anthony/Bentley Children,* 5th Dist. Stark No. 2001CA00185, 2001 WL 1769937

**{¶17}** In this instance, while appellant focuses on the application of (B)(1)(a) and (B)(1)(b) in her case, it appears undisputed that at the time of the filing of the permanent custody motion, K.K. had been in agency custody for more than twelve months within a twenty-two month period. Under these circumstances, we are compelled, based on R.C. 2151.414(B)(1)(d), to directly proceed to an analysis of the best interest issue. *See, e.g., In re Walton/Fortson Children,* 5th Dist. Stark No. 2007CA00200, 2007–Ohio–5819, ¶ 14.

**{¶18}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶19}** In her Second Assignment of Error, appellant-mother contends the trial court erred in granting permanent custody of K.K. to the agency, specifically in regard to the factor of "best interests." We disagree.

{¶20} R.C. 2151.414(D)(1) reads as follows:

In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.[2]

For the purposes of division (D)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.[3]

{¶21} It is well-established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g.*, *In re Brown,* 9th Dist. Summit No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Furthermore, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children*, 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, citing *In re Awkal*, 85 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist. 1994).

---

[2] The (E)(7) to (E)(11) factors involve certain criminal convictions, withholding of food or medical treatment, substantial risk of harm due to alcohol or drug abuse, abandonment of the child, and termination of parental rights in regard to siblings.
[3] The additional statutory "best interest" guidance found in R.C. 2151.414(D)(2) has not been argued in the present appeal.

{¶22} As the agency responds in its appellee's brief herein, appellant chiefly focuses on her case plan compliance in her "best interest" argument, although she urges that visitation has gone well and that K.K maintains a bond and a desire for continued contact with her.[4] Also, by the time of the permanent custody trial, appellant had commendably maintained a job in Massillon and had obtained better housing near Canton Monument Park, a car, and a driver's license. However, under R.C. 2151.414(D)(1), the focus is upon the child's best interests, not upon a parent's compliance with the case plan. *See In the Matter of M.H.-L.T.*, 4th Dist. Washington No. 17CA12, 2017-Ohio-7825, ¶ 61, citing *In re K.J.,* 4th Dist. Athens No. 08CA14, 2008–Ohio–5227, ¶24. In this instance, K.K. is medically and developmentally healthy, but she is dealing with behavioral problems, PTSD, and ADHD, and she needs a stable and consistent home environment, which appellant has been unable to provide or demonstrate. (*See* testimony of Caseworker Heather Grimes, Tr. at 44, 50, and testimony of Irene Quinlin, L.I.S.W., Tr. at 61-62.) The agency has investigated several relative placements, but all have been unsuccessful. K.K. is bonded with her sister. They have been placed together, and the foster family has indicated a willingness to adopt both girls. *See* Tr. at 46-47. The G.A.L. since May 2015, Attorney Christopher Coleridge, spoke favorably of the current foster

---

[4] Appellant's claim in this regard is at least partially diminished by the following testimony of Heather Grimes, the ongoing services worker for SCJFS, on the question of a diminishing bond: "Um…because they've moved so many times, the last permanent custody, not knowing where they were going to be. The periods of time where mom and dad weren't visiting. Um…there's been a lot of trauma for that. I mean there was a period of time that [K.K.] would tell me how much she hated her mom and never wanted to see her. You know most recently with these moves, even though they've moved so many times, there was never I want to go home to mom or dad. It was just you know, every place we'd go, is this my forever home?... ." Tr. at 49-50.

placement, and reported that K.K wished to stay there. He further recommended a grant of permanent custody to the agency. Tr. at 68-71; Amended GAL Report at 2.

**{¶23}** Accordingly, upon review of the record, the judgment entry, and the accompanying findings of fact and conclusions of law, we find no basis to overturn the decision of the trier of fact, and we conclude the grant of permanent custody of K.K. was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.

**{¶24}** Appellant's Second Assignment of Error is therefore overruled.

**{¶25}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.


By: Wise, John, J.

Hoffman, P. J., and

Wise, Jr., J., concur.


JWW/d 0118