[Cite as *In re C.H.*, 2018-Ohio-3459.]


COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                        | JUDGES:                      |
| ---------------------- | ---------------------------- |
|                        | Hon. John W. Wise, P. J.     |
| IN THE MATTER OF:      | Hon. W. Scott Gwin, J.       |
|                        | Hon. Earle E. Wise, Jr., J.  |
|                        |                              |
| C.H.                   | Case No. 2018 CA 00070       |
|                        |                              |
| MINOR CHILD            | O P I N I O N                |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Juvenile Division, Case No.  2015
                             JCV 00776


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 27, 2018


APPEARANCES:

For Appellee                          For Appellant Mother

BRANDON J. WALTENBAUGH                 BERNARD L. HUNT
STARK COUNTY JFS                       2395 McGinty Road, NW
402 2nd Street, SE                     North Canton, Ohio  44720
Canton, Ohio  44702

*Wise, John, P. J.*

{¶1} Appellant-Mother Jennifer H. appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of her daughter, C.H., to Appellee Stark County Job and Family Services ("SCJFS"). The relevant procedural facts leading to this appeal are as follows.

{¶2} Appellant is the mother of the minor child C.H., born in 2017. The father of C.H., Michael P., has had little involvement in the child's life and did not participate in any case planning. Paternity was established while the case was proceeding. However, the trial court stated most recently that his whereabouts were unknown.

{¶3} Appellant has had previous involvement with SCJFS, and three older siblings of C.H. are in the legal custody of relatives following court intervention. On July 13, 2017, shortly after C.H. was born, SCJFS filed a complaint in the trial court alleging C.H. was a dependent child. The agency therein stated *inter alia* its concerns that appellant has "chronic mental health issues," including schizophrenia and bipolar disorder, for which she has repeatedly resisted treatment. Appellant told caseworkers that at the time of the child's birth, she was in the process of seeking a protective order against the agency.

{¶4} SCJFS was granted emergency shelter care custody on July 17, 2017. The trial court also issued an order for appellant to complete a psychological evaluation.

{¶5} The matter proceeded to an adjudicatory hearing on September 19, 2017. At that time, the trial court found appellant to be a dependent child and placed her in temporary agency custody.

{¶6}    The court conducted a review hearing on January 5, 2018. The court noted in its written entry at that time that appellant had failed to complete a parenting assessment and that although she had attended an appointment at Phoenix Rising, a behavioral health center, on December 18, 2017, no further appointments had been scheduled. The court also found that appellant's last visit with C.H. had occurred in July 2017.

{¶7}    SCJFS filed a motion for permanent custody on March 27, 2018. The matter proceeded to an evidentiary hearing on May 10, 2018. After hearing the evidence, the trial court took the matter under advisement. The next day, the trial court issued a judgment entry, with findings of fact and conclusions of law, granting permanent custody of C.H. to SCJFS.

{¶8}    On June 11, 2018, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶9}    "I. THE TRIAL COURT'S JUDGMENT THAT THE MINOR CHILD CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶10}   "II. THE TRIAL COURT'S JUDGMENT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶11} In her First Assignment of Error, appellant argues that the trial court's granting of permanent custody of C.H. to the agency under the "cannot/should not" parental placement aspect of R.C. 2151.414(B)(1)(a) was against the manifest weight and sufficiency of the evidence.

{¶12} R.C. 2151.414(B)(1) reads as follows, in pertinent part:

Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b)  The child is abandoned.

(c)  The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d)   The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

(e)  The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state. ***.

**{¶13}** While appellant presently focuses solely on subparagraph (B)(1)(a) of the above statute, we have recognized that (B)(1)(b) (abandonment) is independently sufficient to use as a basis to grant a motion for permanent custody. *See Matter of K.K.*, 5th Dist. Stark No. 2017 CA 00195, 2018-Ohio-399, ¶ 16, citing *In re N.W.*, 10th Dist. Franklin No. 07AP-590, 2008-Ohio-297, ¶ 10. *See, also, In re Anthony/Bentley Children,* 5th Dist. Stark No. 2001CA00185, 2001 WL 1769937.

**{¶14}** We note R.C. 2151.011(C) sets forth a "presumptive abandonment" rule: "For the purposes of this chapter, a child shall be presumed abandoned when the parents

of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days." We have held that there must be a showing that a parent has failed to visit or maintain contact with the child for a period of ninety days before an agency moves for permanent custody on "presumed abandonment" grounds. *See In re Scullion,* 5th Dist. Stark No. 2006CA00308, 2007–Ohio–929, ¶ 30.

{¶15} In the case *sub judice*, among other things, SCJFS ongoing caseworker Amy Craig testified that appellant had had no contact with C.H. between July 13, 2017 and April 6, 2018. *See* Tr. at 11. Furthermore, it is undisputed that Michael P. has abandoned C.H. Accordingly, we find no reversible error in the court's finding of abandonment under R.C. 2151.414(B)(1)(b), and any claimed error in regard to subparagraph (B)(1)(a), *supra*, would thus be deemed harmless. In the interest of judicial economy, we will therefore proceed to the issue of the child's best interest. *See In re C.W.*, 5th Dist. Coshocton No. 2013 CA 0027, 2014-Ohio-3284.

{¶16} Appellant's First Assignment of Error is overruled.[1]

II.

{¶17} In her Second Assignment of Error, appellant contends the trial court's determination that permanent custody was in the best interest of C.H. was against the manifest weight and sufficiency of the evidence. We disagree.

---

[1] Appellant adds an argument that the agency failed to demonstrate that it made reasonable efforts to prevent the child's removal as set forth in R.C. 2151.419(A)(1). However, said statute, by its plain terms, does not apply to motions for permanent custody brought pursuant to R.C. 2151.413 or to hearings held on such motions pursuant to R.C. 2151.414. *In re P.S.,* 5th Dist. Licking No. 16–CA–11, 2016–Ohio–3489, ¶ 44, citing *In re C.F.,* 113 Ohio St.3d 73, 2007–Ohio–1104, 862 N.E.2d 816.

**{¶18}** In determining the best interest of a child for purposes of permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D)(1) and "all relevant factors." The specified factors are as follows:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

**{¶19}** As an appellate court, we are not the trier of fact; instead, our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA5758, 1982 WL 2911. It is well-established that the trial court in a bench trial is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* 9th Dist. Summit No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St .2d 230, 227 N.E.2d 212. Furthermore, the trial court, as the fact finder, is free to believe all, part, or none of the testimony of each witness. *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096.

**{¶20}** The record before us indicates that C.H. faces several health challenges in her young life, including optic nerve hypoplasia and septo-optic dysplasia, which will likely result in lifetime visual impairment and issues with her cognitive development. C.H. has bonded with her foster family, who are properly dealing with her special needs. In contrast, although she did go through with two visits in the month prior to the final hearing, appellant has abandoned the child and failed to develop a bond. Appellant does not challenge the trial court's reference to testimony that appellant will not acknowledge any mental health issues and generally refuses her prescribed medications. No relatives have been identified for potential placement of C.H. *See.* Tr. at 47. Furthermore, although the child is too young to express her wishes as to custody, the guardian ad litem has recommended a grant of permanent custody to the agency.

**{¶21}** It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should

be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children*, 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. In the case *sub judice*, upon review of the record on appeal and the findings and conclusions of the trial court, we conclude the grant of permanent custody of C.H. to the agency was made in the consideration of the child's best interest and did not constitute an error or an abuse of discretion under the circumstances presented.

{¶22} Appellant's Second Assignment of Error is therefore overruled.

{¶23} For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.


By: Wise, John, P. J.

Gwin, J., and

Wise, Earle, J., concur.

JWW/d 0817